# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1561
_____

Terra International, Inc.

*Plaintiff - Appellee*

v.

Tommy F. Robinson; Jeffrey W. Robinson; Greg T. Robinson;
individually and as partners of Ag Pro Farm Partnership

*Defendants - Appellants*

Fred Chambers, individually and as partner of Ag Pro Farm Partnership

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 12, 2015
Filed: March 9, 2015
[Unpublished]

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

PER CURIAM.

In this diversity case, see 28 U.S.C. § 1332(a)(1), Tommy F. Robinson, Jeffrey W. Robinson, and Greg T. Robinson, individually and as partners of Ag Pro Farm Partnership (Robinsons), appeal an order of the district court[1] reviving a 2003 judgment against them and extending the judgment lien ten years. The Robinsons primarily challenge the district court's application of Arkansas law, arguing (1) they did not receive the "panoply of protections" required by Ark. Code Ann. § 16-65-501, including notice and the opportunity to respond; (2) the request to revive the judgment was untimely; and (3) the district court therefore "had no authority to bind the parties."[2] Upon careful de novo review of the issues properly raised on appeal, see Salve Regina Coll. v. Russell, 499 U.S. 225, 231 (1991) (standard of review), we see no basis for reversal. Accordingly, we affirm. See 8th Cir. R. 47B.

––––––––––––––––––––––––

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

[2]We decline to consider the constitutional due process and procedural real-party-in-interest claims the Robinsons raised for the first time on appeal. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (explaining we generally do not consider issues "not presented in the district court" and "advanced for the first time on appeal"); United HealthCare Corp. v. Am. Trade Ins. Co., 88 F.3d 563, 569 (8th Cir. 1996) (concluding a defendant "waived his real party in interest defense" under Federal Rule of Civil Procedure 17(a) "by failing to raise it in a timely fashion" in the trial court).